Raquel M. Tauarez, Respondent,
against
Road Master II, Appellant.




Charles R. Cuneo, P.C. (Charles R. Cuneo of counsel), for appellant.
Raquel M. Tauarez, respondent pro se.

Appeal from a decision of the Civil Court of the City of New York, Queens County (Carmen R. Velasquez, J.), dated June 20, 2014, deemed from a judgment of that court entered August 12, 2014 (see CPLR 5512). The judgment, entered pursuant to the decision, after a nonjury trial, awarded plaintiff the principal sum of $8,000.




ORDERED that the judgment is affirmed, without costs.
Plaintiff seeks in this action to recover the principal sum of $10,100.27, which sum includes an $8,000 cash down payment plaintiff made towards her purchase of a defective Mercedes Benz automobile from defendant, as well as incidental damages she had sustained while the Mercedes Benz was out of service and before the contract for the Mercedes Benz was terminated. The evidence at a nonjury trial, as credited by the Civil Court, showed that, in 2012, plaintiff had purchased a used 2008 Mercedes Benz automobile with 52,295 miles on its odometer (the Mercedes) from defendant, for $26,124.56, plus $386 in license and registration fees. Plaintiff made an $8,000 cash down payment to defendant towards the purchase of the Mercedes and took a loan to finance the remainder of the purchase. Within a day of her purchase, plaintiff experienced problems with the Mercedes and brought it back to defendant. Shortly thereafter, defendant's representative advised plaintiff that defendant was sending the Mercedes to a Mercedes Benz dealer for repairs. Two months later, defendant's representative notified plaintiff, in effect, that the Mercedes would not be repaired, and told her that she should [*2]purchase another car instead. Defendant never returned the Mercedes to plaintiff. 
Plaintiff testified that, dealing with the same individuals who had sold her the Mercedes, she then purchased a 2008 Honda Accord with 76,760 miles on its odometer (the Honda) for $18,141, which was the outstanding balance on the loan plaintiff had taken for the Mercedes. Defendant's witness, however, asserted, and submitted documentary evidence establishing, that plaintiff had purchased the Honda from a separate corporate entity. Plaintiff testified that she had been told by defendant's representative that the entire purchase price she had paid for the Mercedes, including her cash down payment and her loan, would be transferred towards the purchase of the Honda. Plaintiff subsequently learned, however, that her $8,000 cash payment had not been applied towards the purchase price of the Honda, a fact which defendant does not dispute. As a result, plaintiff's loan payments remained unchanged, even though the purchase price of the Honda was substantially lower than that of the Mercedes.
By reason of defendant's failure to return the Mercedes to plaintiff and its instruction for plaintiff to purchase a different vehicle instead, and plaintiff's acquiescence to that instruction, we find that the parties agreed, in effect, to rescind the contract for the sale of the Mercedes, whereupon plaintiff was entitled to a refund of the entire purchase price of the Mercedes. While plaintiff confirmed that the loan she had taken in connection with her purchase of the Mercedes had been assigned or otherwise applied to cover the purchase of the Honda, defendant, which failed either to forward plaintiff's $8,000 cash down payment to the corporation that sold plaintiff the Honda or to return that sum to plaintiff, remained liable to plaintiff for the return of her $8,000 down payment.
Defendant argues that the Civil Court erred in awarding $8,000 to plaintiff because defendant, which sold plaintiff the Mercedes, was a separate entity from the entity which sold the Honda to plaintiff; that plaintiff's contract for the purchase of the Honda was discrete and separate from her transaction with defendant; and that, pursuant thereto, plaintiff "traded in" the Mercedes for the Honda. Defendant's reliance on the separate corporate identities of the sellers of the two vehicles to avoid its liability to plaintiff is misplaced. Defendant, having rescinded its contract with plaintiff, was obligated to refund or otherwise credit plaintiff for the entire purchase price of the Mercedes. While plaintiff's loan on the Mercedes covered the cost of her purchase of the Honda from a separate corporate entity, such transaction did not vitiate defendant's continuing liability to plaintiff, upon the rescission of the Mercedes contract, for the $8,000 down payment plaintiff had made to defendant in part payment for the Mercedes.
We reach no other issue.
Accordingly, the judgment is affirmed.
ELLIOT, J.P., WESTON and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 15, 2019